IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| EUNICE RENAE JOHNSON,   ) | |
|     Plaintiff,   ) | |
| ) | |
|     v.   ) | CIVIL ACTION NO. 7:13-CV-1898-KOB |
| ) | |
| CAROLYN COLVIN,   ) | |
| Acting Commissioner of the Social,   ) | |
| Security Administration,   ) | |
| ) | |
|     Defendant.   ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the Plaintiff's "Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)." (Doc. 10).  In her application for fees under the EAJA, the Plaintiff requests fees in the amount of $2,254.35 for 11.75 hours of work at an hourly rate of $191.86.  The Commissioner, in her opposition to the motion (doc. 12), challenges the total number of hours and hourly rate requested, and contests the Plaintiff's attorney's request to have the fee paid directly to him.  *Id*.  For the following reasons, the court finds that the motion is due to be GRANTED in part and DENIED in part; the court will GRANT the request for fees but will reduce the amount as explained below.

The EAJA allows the award of attorneys fees and other expenses against the Government provided that

> 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the U.S.;
> 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action;
> 3) the position of the government is not substantially justified; and
> 4) no special circumstances make an award unjust.

28 U.S.C. §§ 2412(d)(1)(A), (B).  The absence of any one of the above factors shall preclude an award of fees.  *See id.*

The Commissioner does not dispute the issues of prevailing party status, substantial justification, or timeliness.  The court agrees and finds that the Plaintiff has met these factors and that an award of fees under the EAJA is appropriate.  The Commissioner does object, however, to the amount of service hours requested, 11.75 hours, arguing that these hours include time for various clerical tasks and excessive time for routine tasks.  The Commissioner also contests the hourly rate requested and paying the fee directly to the Plaintiff's counsel.

The number of hours that are reasonable and fair depends on many factors, such as the number and novelty of the issues raised, the complexity of the facts, etc. The court has examined the entire record in the case and finds the following regarding the Commissioner's objection regarding the number of hours claimed:

| | |
|---|---|
| 3.25 hours on  10/17/13 | The court will reduce by 1 hour.  Although the Commissioner argues that time spent preparing the complaint and summons should be disallowed as a clerical task, the court has allowed such time in numerous cases over the past years without objection from the Commissioner. The court finds that .5 hour is reasonable to draft the complaint and IFP; .5 hour is reasonable for the summons; .25 is reasonable for the phone call regarding the social security number; and 1.0 hour is reasonable for meeting with the Plaintiff regarding the appeal.  The court disallows the remaining time as excessive. |
| .25 hour on 10/23/14 | The court will disallow this time.  The court finds unreasonable .25 hours for reading a simple notice from the court that the case has been reassigned to another judge. |
| .25 hour on 12/2/13 | The court will disallow this time.  The court has already allowed .5 hour for preparing the form 285 for the U.S. Marshal to serve, as the Plaintiff proceeded IFP in this case.  As such, the court finds |

|  |  |
|---|---|
|  | unreasonable allowing an additional .25 hour for the issuance of a summons. |
| .25 hour on 3/10/14 | The court will disallow this time as unreasonable.  Not only did counsel already include .5 hour on 3/9/14 on the matter of the Government's motion requesting more time to file its answer, the motion itself (doc. 5) is only two paragraphs long.  The court finds unreasonable charging 15 minutes for reading something that counsel already agreed to and would take only a few seconds to read. |
| .25 hour on 3/11/14 | The court will disallow this time because it finds unreasonable billing 15 minutes to review a simple Order granting the Government's motion for an extension of time, especially after counsel had already agreed to the motion for an extension. |
| 1.5 hours on 4/8/14 | The court will reduce by .5 hour.  Counsel includes a list of items in this grouping, including reviewing a notice of appearance filed by Ms. Abalo that is not billable, but fails to indicate the amount of time apportioned to each item.  The court finds that 1 hour is more than reasonable for time spent reviewing an e-mail from the Government asking if the Plaintiff opposed a Sentence Four Motion to Remand; reviewing the file regarding whether to oppose the motion; and drafting a response e-mail. |
| 1.25 hours on 4/10/14 | The court will reduce by .25 hour.  Counsel requests 1.25 hours for downloading and reviewing the answer and transcript filed by the Government and for reviewing the motion to remand.  First, the downloading of the file is clerical work that is not billable.  Counsel billed time for reviewing the "file" regarding the motion to remand on 4/8/14.  Two days later, after the telling the Government that the Plaintiff did not oppose the motion to remand, counsel spent time reviewing the file again; the court finds this time excessive.  Moreover, the motion to remand is only one paragraph and four lines long, and counsel had already agreed to the motion.  The court finds 1.0 hour reasonable for reviewing the transcript and  the motion to remand. |

As noted above, the court finds that 2.75 hours of those requested were not reasonably expended, and are disallowed.  The remaining 9.0 hours were reasonably expended, and the court will allow such hours.

The Government contests the hourly rate of $191.86 per hour requested in the motion and argues that, "using the very formula Plaintiff identified in his petition (Doc. 10-2 at 3-4), to which the Commissioner has no objection, yields a maximum hourly rate of $186.74." (Doc. 12 at 7). In his calculation of the $191.86 hourly rate, counsel for the Plaintiff mistakenly identifies the Consumer Price Index (CPI) for January 2014 as 233.916; that CPI is for "All Urban Consumers" and not "All Urban Consumers" for *South Urban*, which is 227.673, as required by the formula. As such, using the Plaintiff's own formula, the court finds that $186.74 is the appropriate hourly rate.

The court finds that an attorneys fee for 9.0 hours at the rate of $186.74 per hour for a total of $1,680.66 is reasonable and fair for the work performed in this matter, especially because this case was voluntarily remanded at the Commissioner's request before the parties submitted any briefs. Therefore, the court finds the motion for an award of an attorney's fee is due to be granted in that amount.

Counsel for the Plaintiff requests that the court award the attorneys fee directly to him. The Government objects and argues that, without a valid assignment, the court must pay the EAJA fees directly to the Plaintiff. The court agrees. The motion fails to discuss or attach a valid assignment between counsel and the Plaintiff. Also, the Government specifically indicates in its response that it does not waive the requirements of the Anti-Assignment Act. (Doc. 12 at 8). Because no valid assignment exists in the record, the court finds that the law requires that the EAJA fees be paid directly to the Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

In sum, the court finds that the motion for EAJA fees is due to be GRANTED in part and DENIED in part. The court will grant the motion to the extent that it requests a reasonable

attorneys fee, but instead of awarding the amount requested of $2,254.35, the court will award the reduced amount of $1,680.66, which it finds to be reasonable and fair, payable directly to the Plaintiff.

    DONE and ORDERED this 18th day of August, 2014.

                                                 */s/ Karon O. Bowdre*
                                                 KARON OWEN BOWDRE
                                                 CHIEF UNITED STATES DISTRICT JUDGE